Filed 3/3/15  P. v. Zepeda CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISAAC LEE ZEPEDA,<br><br>    Defendant and Appellant. | F066886<br><br>(Super. Ct. No. F12907694)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J., and Detjen, J.

A jury convicted appellant, Isaac Lee Zepeda, of possession of a short-barreled shotgun (count 3/Pen. Code, § 33215),[1] possession of ammunition by a prohibited person (count 4 /§ 30305, subd. (a)(1)), and two counts of possession of a firearm by a felon (counts 1 & 2/§ 29800, subd. (a)(1)).  In a separate proceeding Zepeda admitted two prior prison term enhancements (§ 667.5, subd. (b)).  Additionally, based on his conviction in the instant case the court found that Zepeda violated his postrelease community supervision in case No. F11904164.

Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 28, 2011, at approximately 5:50 p.m. Fresno Police Officers Robert Fry and Luis Carrillo were traveling eastbound in a patrol car with Fry driving when they saw Zepeda and Christopher Guyton riding bicycles westbound wearing backpacks. Zepeda turned and kept his eyes on the patrol car as it drove by.  Fry then made a U-turn and followed the men to a house on Divisadero.[2]  The officers continued to the corner of Van Ness and Divisadero and watched Zepeda and Guyton dismount from their bicycles at the house.  Officer Carrillo ran the house address to see if anyone who lived there was on parole or probation in order to conduct a search.  Carrillo determined that a woman who lived at the address, Adrianna Calderon, was on probation.  He then contacted additional members of the Violent Crime Impact Team for assistance in doing a probation compliance check at the house.

---

[1] All further statutory references are to the Penal Code.

[2] The house had been converted from a single family residence to four individual apartments, two on the bottom floor and two on the second floor.

Fresno Police Officers Steven Jaquez and Sergeant Mike Smith responded to the location and parked in an alley behind the residence. Officer Jaquez walked along the side of the building to the front where he observed several people on the porch. He made eye contact with a man who appeared to be startled by his presence. The man mouthed the word, "Cops" to Zepeda who was standing by the front doorway to the residence. Zepeda had a multicolored backpack—blue, gray and black—slung over his left shoulder. He looked in Officer Jaquez's direction and momentarily made eye contact with him. Officer Jaquez told Zepeda, "can you come down off the stairs? I'd like to talk to you. Come down here." However, after a moment Zepeda turned around and walked into the house. Jaquez momentarily lost sight of Zepeda but then saw him with the backpack, walking up the stairs to the apartment on the second floor that belonged to Calderon. Zepeda returned to the porch area without the backpack in about two minutes after entering the apartment.

Officer Jaquez waited for additional officers to arrive before he began investigating the people who were outside the apartment. Jaquez asked Calderon if he could search her apartment; she agreed and provided the key. Officer Jaquez and four other officers proceeded to Calderon's apartment. After announcing their presence and getting no response, the officer used the key supplied by Calderon to enter the apartment. Before the officers actually entered the apartment, Guyton came out of the bedroom wearing a very small black backpack. After removing him, the officers searched the apartment. In the bottom storage compartment of a stove they found a blue, gray and black backpack. The officers procured the backpack and inside discovered a single barrel 12-guage shotgun which had its stock and barrel cut down. The shotgun appeared to be operable and had a live round. The backpack also contained a .38 caliber revolver with five live rounds, a holster for the revolver, a loose .38 caliber round, and two or three additional loose, live shotgun rounds.

On November 14, 2012, the district attorney filed an information charging Zepeda with the four counts of which he was convicted, the two prior prison term enhancements which he admitted, and in addition charged him with possession of ammunition by a prohibited person (count 5/§ 30305, subd. (a)(1)).

On January 10, 2013, the prosecutor dismissed count 5 and Zepeda admitted the two prior prison term enhancements. Additionally, Zepeda was subject to postrelease community supervision when he committed the underlying offenses and he agreed that the court could consider the evidence adduced at trial in determining whether he violated the terms of his release.

On January 15, 2013, the jury convicted Zepeda on counts 1 through 4 and the court revoked his postrelease community supervision.

On March 19, 2013, the court sentenced Zepeda to an aggregate five-year prison term, the upper term of three years on count 1, concurrent three-year terms on counts 2 and 4, a stayed aggravated three-year term on count 3, and two one-year prior prison term enhancements. The court also terminated Zepeda's postrelease community supervision.

Zepeda's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Zepeda has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.